# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANTHONY LYSAK, individually; and TAWNY LYSAK, individually and derivatively as a member of Q2I, LLC, and WILLIAM A. MCNAMARA, individually and derivatively as a member of Q2I, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVEN JENKINS, an individual, Q2i, LLC (NH), 315 Pleasant St., LLC, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1:23-cv-00411-AJ |

## JOINT PROPOSED DISCOVERY PLAN

Plaintiffs Anthony Lysak, Tawny Lysak and William McNamara ("Plaintiffs") and Defendants Steven Jenkins and Q2i, LLC ("Defendants"), hereby submit their Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f).

**DATE/PLACE OF CONFERENCE:** A Pretrial Conference is scheduled for December 5, 2023 at 10:00 a.m. before Magistrate Judge Andrea K. Johnstone.

**COUNSEL PRESENT/REPRESENTING:**

**Plaintiffs, Defendants-in-Counterclaim:** Kevin P. Polansky, Esq. and Lyndsey A. Stults, Esq

**Defendants, Plaintiffs-in-Counterclaims:** Michael J. Lambert    .

## CASE SUMMARY

**THEORY OF LIABILITY:**

**Plaintiffs, Defendants-in-Counterclaim:** In 2016, Mr. Lysak and Mr. Jenkins orally agreed to become partners in a start-up business in the United States, which would develop software and

applications for use by health care providers and would later be called Q2i. They agreed that $10,000 of their individual $30,000 contributions constituted an equity investment to Q2i and each would own a 50% interest in Q2i. Mr. Jenkins agreed to manage the day-to-day business and finances while Mr. Lysak remained a passive investor. Since then, Mr. Lysak made periodic loans to Mr. Jenkins totaling $450,000 for the sole purpose of contributing to Q2i's growth or to pay for its necessary expenses. Mr. Lysak subsequently transferred his interest to Mrs. Lysak with Mr. Jenkins' approval. Mr. Jenkins has since stalled in responding to requests for a written agreement with respect to the $450,000 in loan payment as well as for confirmation that membership interests are distributed as follows: Mrs. Lysak 46%, Mr. Jenkins 46% and Mr. McNamara 8%. Contrary to the agreements between the parties, Mr. Jenkins has used the funds intended to benefit Q2i for his own personal benefit and business ventures and has offered membership interests to third parties without Plaintiffs' knowledge or consent. Mr. Jenkins has breached his fiduciary duties by, among other things: (i) appropriating Loan Payments meant to benefit Q2i for his personal use and benefit; (ii) diverting portions of the Loan Payments to California Q2i and Massachusetts Q2i without McNamara and Mrs. Lysak's knowledge or consent; (iii) failing or refusing to account for Loan Payments he received from Mr. Lysak which were meant to benefit Q2i; (iv) failing or refusing to account for payments Mr. Jenkins purportedly made to Q2i; (v) offering membership interest in Q2i to third parties without Mrs. Lysak's prior knowledge and approval; (vi) failing to hold meetings; and (vii) obscuring expenditures and income, which destroyed value in the company.

**Defendants, Plaintiffs-in-Counterclaim:** This is a dispute between the two founders of Q2i. Mr. Lysak and Mr. Jenkins have materially different versions of the oral agreements they made when they formed Q2i and dispute what each other's respective contributions would be and how Q2i would treat those contributions. Mr. Jenkins contends that Mr. Lysak, and his putative assignee, Mrs. Lysak, in breach of his agreement and in breach of his fiduciary duty to Mr.

Jenkins, failed to contribute his share of funds to Q2i, unfairly prejudicing and damaging Mr. Jenkins and leading to the impairment and demise of Q2i. Mr. and Mrs. Lysak further engaged in a variety of actions designed and intended to disrupt and damage Mr. Jenkins and the work he was performing on behalf of Q2i, including defaming Mr. Jenkins. Mr. Jenkins seek a declaration of the parties' rights and damages that are the direct and proximate result of Mr. and Mrs. Lysak's conduct.

**THEORY OF DEFENSE:**

The parties deny the respective claims and counterclaims asserted against them and reserve all defenses.

**DAMAGES:**

**Plaintiffs, Defendants-in-Counterclaim:** Plaintiffs seek compensatory damages no less than $450,000; an accounting sufficient to show (i) how all Loan Payments transferred from Mr. Lysak to Mr. Jenkins to benefit Q2i were used; (ii) how much personal funds Mr. Jenkins contributed to Q2i personally and through NETbuilder LLC; and (iii) how much of Q2i's funds were transferred to Mr. Jenkins personally or his company, NETbuilder LLC; and a judicial declaration that Mrs. Lysak holds at least a 46% membership interest in Q2i.

**<u>Defendants, Plaintiffs-in-Counterclaim</u>**: Defendants seek compensatory damages in excess of $1,000,000 and a judicial declaration of the respective membership interest of the parties in Q2i based upon the Court's findings on the agreements between the parties.

**DEMAND DEADLINE:** January 5, 2024

**OFFER DEADLINE (IF ANY):** February 5, 2024

**JURISDICTIONAL QUESTIONS:** No jurisdictional questions are anticipated at this time.

**QUESTIONS OF LAW:** None at this time.

**TYPE OF TRIAL:** Plaintiff has requested a jury trial.

## SCHEDULE

**TRACK ASSIGNMENT:** Standard (Approximately 12 Months)

**TRIAL DATE:** December 5, 2024

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** January 5, 2024.

**AMENDMENT OF PLEADINGS:**

Plaintiff: January 5, 2024

Defendant: February 5, 2024

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff: January 5, 2024

Defendant: February 5, 2024

**THIRD-PARTY ACTIONS:** February 5, 2024

**MOTIONS TO DISMISS:** No later than January 15, 2024.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    **Plaintiff:** July 1, 2024  **Defendants:** August 1, 2024

Supplementations under Fed. R. Civ. P. 26(e)(1) due:

Supplementations under Rule 26(e) due: September 1, 2024

The parties agree to format expert reports in accordance with Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF DISCOVERY:**

    1.    All fact discovery completed by June 1, 2024.

    2.    There are no issues for early discovery.

**SUMMARY JUDGMENT MOTIONS:**  All summary judgment motions must be filed by or before August 7, 2024.

**CHALLENGES TO EXPERT TESTIMONY:** No later than October 1, 2024.

## DISCOVERY

**DISCOVERY NEEDED:** Discovery will be needed as to the parties' respective claims, including but not limited to: the parties agreements, the parties' breach of those agreements and/or breach of fiduciary duties, the transfer and/or assignment of membership interests, an accounting and the use of the $450,000 loan payments, Mr. Jenkin's contributions to Q2i, Mr. Lysak's interference with and defamation of Mr. Jenkins, and other information surrounding Q2i's applications for Paycheck Protection Programs.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** Parties agree to serve mandatory disclosures within fourteen (14) days of the Court's issuance of a Discovery Plan.

**INTERROGATORIES:** A maximum of 25 interrogatories by Plaintiff to Defendants, and by Defendants to Plaintiff. Responses due 30 days after service unless extended by agreement of the parties.

**REQUESTS FOR ADMISSION:** A maximum of 25 requests for admission by Plaintiff to Defendants, and by Defendants to Plaintiff. Responses due 30 days after service unless extended by agreement of the parties.

**DEPOSITIONS:** A maximum of seven depositions by Plaintiff, and a maximum of seven depositions by Defendants. Each deposition limited to a maximum of seven hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** The parties submit that it is premature to conclusively decide any issues concerning electronic

4888-9655-3618 v.1 079320/01500, 8:46 AM, 11/28/2023

information-related disclosures, and agree to confer in good faith and reach agreement with each other as to such disclosures at a mutually convenient time.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))):** The Parties agree to confer in good faith should any privilege issues arise to reach agreement on how to handle such matters.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** Unknown at this time due to early stages of litigation.

**JOINT STATEMENT RE: MEDIATION:** The Parties do not agree to mediation at this time.

**TRIAL ESTIMATE:** 4 days.

**WITNESSES AND EXHIBITS:** Witness and exhibit lists are due as set forth in LR 16.2.

**PRELIMINARY PRETRIAL CONFERENCE:** The Parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order.

**OTHER MATTERS:** None.

ANTHONY LYSAK, TAWNY LYSAK, WILLIAM A. MCNAMARA,

By their attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (N.H. Bar # 265419)
kevin.polansky@nelsonmullins.com
Lyndsey A. Stults (N.H. Bar # 265344)
lyndsey.stults@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA  02111
(617) 217-4700
(617) 217-4710 (fax)

Dated: November 28, 2023

4888-9655-3618 v.1 079320/01500, 8:46 AM, 11/28/2023

STEVEN JENKINS and Q2i LLC (NH)

By their attorneys,

SHEEHAN PHINNEY BASS & GREEN, PA


 /s/ Michael J. Lambert
Michael J. Lambert, N.H. Bar No. 11310
Sheehan Phinney Bass & Green, P.A.
1000 Elm Street
Manchester, New Hampshire 03105
Tel: (603) 668-0300
mlambert@sheehan.com


**CERTIFICATE OF SERVICE**

    I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically all registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date including plaintiff.

Dated: November 28, 2023                                                          */s/ Kevin P. Polansky*